AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
Southern District of Florida

FILED by _____ D.C.

**NOV 1 5 2012**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT
S.D. OF FLA. - W.P.B

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| CHARLES EDWARD JOHNSON, | ) | Case No. 12-8445-JMH |
| | ) | |
| | ) | |
| _____ | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____11/15/12_____ in the county of _____Palm Beach_____ in the _____Southern_____ District of _____Florida_____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 26 U.S.C. § 5861 (d) | Possession of a sawed off rifle without registration |

This criminal complaint is based on these facts:

see attached affidavit

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Troy L. Raines, Task Force Officer
*Printed name and title*

*I find probable cause*

Sworn to before me and signed in my presence.

_____
*Judge's signature*

Date: _____11/15/2012_____

City and state: _____West Palm Beach, Florida_____

James M. Hopkins, U.S. Magistrate Judge
*Printed name and title*

Your affiant, Troy L. Raines, first being duly sworn, does hereby depose and state as follows:

1. Your affiant has been a police officer for over eighteen years.  Your affiant was employed as a certified Police Officer from January 1994 to August 2001 with the Salisbury Police Department in Salisbury, MD.  Since August 2001, your affiant has been employed as a certified Police Officer with the Boynton Beach Police Department in Boynton Beach, FL.  During this tenure, your affiant has been involved in patrol operations, street crimes units, and Detective Bureau.  Your affiant has been involved in several investigations involving violent crimes.  Your affiant has been involved in the writing and execution of over fifty search and seizure warrants for narcotics, and other items related to violent crimes.  Your affiant has received numerous hours of training in homicide investigations, narcotics investigations, street gang investigations, and investigative interviewing procedures.  Since September 2006, your affiant has been assigned to the Palm Beach County Sheriff's/Violent Crimes Task Force/Gang Unit.  Your affiant was deputized as a Task Force Officer with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) in December 2009.  Your affiant's responsibilities include investigating violations of federal law, including violations of the Gun Control Act (Title 18 United States Code, Chapter 44).

2. This affidavit is based upon your affiant's personal knowledge, review of reports, and information obtained from other law enforcement officials and civilians.  This affidavit does not contain every fact about this case known to your affiant, but only enough facts

to establish probable cause to believe that Charles E. JOHNSON committed a violation of 26 U.S.C. § 5861 (d), possession of a sawed off rifle.

3.  On November 15, 2012, TFO Raines assisted the Palm Beach County Sheriff's Office (PBSO) with the execution of a search warrant at 405 South D Street Lake Worth, Palm Beach County, and Southern District of Florida.  The search warrant was written based on an ongoing narcotics investigation and signed on November 13, 2012 by Honorable Judge Ronald Alvarez.  Upon execution of the search warrant, the resident Charles E. JOHNSON was observed exiting the residence and was detained by PBSO SWAT.  The residence was cleared by SWAT then turned over to PBSO Narcotics Agents.  PBSO Sergeant Chase advised TFO Raines that there was a loaded .22 caliber rifle lying in plain view on the living room floor of the residence.

4.  TFO Raines entered the residence and observed the rifle lying on the floor.  TFO Raines requested that photographs be taken of the rifle in place.  Once this was done, TFO Raines examined the rifle and determined it to be a Stevens Model 35M .22 caliber rifle. The rifle has a wooden pistol grip stock and appeared to be a short barreled rifle that was not in compliance with NFA standards of having an overall length of twenty six inches. At this time, JOHNSON was advised of his Miranda Warnings, which he stated that he understood and agreed to speak to TFO Raines.  During the interview, JOHNSON stated that he found the rifle approximately 6 months ago in some bushes, and has kept it at his house since then for protection.  TFO Raines then checked the rifle and determined that there was no magazine inserted.  TFO Raines then cycled the bolt and one CCI .22 caliber round was removed from the chamber.  TFO Raines then asked JOHNSON if he had loaded the round in the rifle, and he stated that the round was in there when he found

it, but he has removed it and reloaded it in the past.  TFO Raines asked JOHNSON if the rifle was the same length when he found it, and he stated that it was.

5.  Your affiant consulted with ATF Resident Agent in Charge (RAC) Robert Shirley who have received extensive training in the manufacture and commerce of firearm, and has been admitted as an expert witness in the area of the interstate commerce nexus of firearms and ammunition on numerous prior occasions in the United States District Court for the Southern District of Florida, and elsewhere.  TFO Raines sent RAC Shirley a photograph of the rifle, and RAC Shirley advised that it was in fact a short barreled rifle and if not registered was in violation of the National Firearms Act.

6.  TFO Raines was able to measure the firearm and determined that the overall length was approximately 24 ½ inches, and the barrel was approximately 14 inches.  The definition under Title 18 USC, Chapter 44 Defines a "short barreled rifle" as a rifle having one or more barrels less than sixteen inches in length and any weapon made from a rifle (whether by alteration, modification, or otherwise) if such weapon, as modified, has an overall length of less than twenty-six inches.

7.  I am aware based an examination of the National Firearms Registration and Transfer Record by ATFE Investigator Thomas Rossi that JOHNSON does not have any firearms registered to him.

8.  That based on my training as a Task Force Officer for the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives, I know it is unlawful for a person to possess a firearm outlined in Title 26 USC 5845 unless it is registered in the National Firearms Registration and Transfer Record and it is also unlawful for a person to possess such firearm that is not identified with a serial number.

9. Based upon the previous facts, this affiant believes that there is probable cause to believe

   that Charles E. JOHNSON did Possess a sawed off rifle without registration in violation

   of Title 26 USC 5861 (d).

   _____
   TROY L. RAINES
   TASK FORCE OFFICER
   BUREAU OF ALCOHOL,
   TOBACCO, FIREARMS
   AND EXPLOSIVES

Sworn to and subscribed before me this
___15___ Day of November, 2012

_____
JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NUMBER: 12-8445-JMH

### BOND RECOMMENDATION

DEFENDANT: CHARLES EDWARD JOHNSON

PRE-TRIAL DETENTION

(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: _____

AUSA:   ROBERT H. WATERS, JR.

Last Known Address: _____

_____

_____

What Facility: _____

_____

Agent(s):        TFO TROY L. RAINES

(FBI)   (SECRET SERVICE)   (DEA)   (IRS)   (ICE)   (**OTHER**)
BUREAU OF ALCOHOL, TOBACCO, FIREARMS, AND EXPLOSIVES
WEST PALM BEACH, FLORIDA

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**No.** __12-8445-JMH__

**UNITED STATES OF AMERICA**

**vs.**

**CHARLES EDWARD JOHNSON,**

**Defendant.**

_____/

## CRIMINAL COVER SHEET

1.  Did this matter originate from a matter pending in the Northern Region of the United
    States Attorney's Office prior to October 14, 2003?   _____ Yes   _x_ No

2.  Did this matter originate from a matter pending in the Central Region of the United
    States Attorney's Office prior to September 1, 2007?   _____ Yes   _x_ No

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

BY:   _____

ROBERT H. WATERS, JR.
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No.365483
500 S. Australian Ave., Suite 400
West Palm Beach, Florida   33501
TEL (561) 820-8711
FAX (651) 802-1787